1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BB Online UK Limited,<br><br>                    Plaintiff,<br><br>        v.<br><br>101domain, Inc.,<br><br>                    Defendant. | Case No. 14-CV-885-WQH (JLB)<br><br>**ORDER DENYING EX PARTE MOTION**<br><br>[ECF No. 26] |

The parties in this action have a discovery dispute.  The Court issued an order that the parties meet and confer and then file a Joint Statement for Determination of Discovery Dispute.  Plaintiff BB Online UK Limited objects to this order and has filed and Ex Parte Application for the Court to Vacate, Modify and/or Clarify the Court's Minute Order of November 24, 2014.  (ECF No. 26.) For the reasons set forth below, this application is DENIED.

## I.    Procedural Background

On Monday, November 24, 2014 counsel for defendant 101 Domain, Inc. called chambers and left a voicemail message.  This message was listened to by chambers staff, who report that the short message notified the Court that the parties had a discovery dispute related to requests for production, the parties had met and

conferred over the course of a number of weeks, and defendant was seeking an informal discovery conference.  Although defendant indicates in its opposition to this application that two calls were placed to chambers, the Court is only aware of the single message that was left on November 24.

On Tuesday, November 25, 2014, the Court issued a minute order, which first addressed the *ex parte* nature of the call from defense counsel:

> On November 24, 2014, counsel for Defendant contacted Magistrate Judge Burkhardt's chambers to schedule a discovery conference to resolve discovery disputes concerning responses to Defendant's first set of requests for production.  Defense counsel represented that the parties satisfied their meet and confer obligations.
>
> The Court reminds counsel that its Civil Chambers Rules contemplate that discovery disputes be raised by placing a joint call with opposing counsel to chambers to either schedule a discovery conference, or notify the Court of an anticipated ex parte motion (when the urgency of the matter requires such a motion).  Thus, counsel are cautioned that future telephone calls should be placed in compliance with the Court's Local and Chambers Rules.

(ECF No. 25.)  The order then directed: "The parties are to meet and confer and file a Joint Statement for Determination of Discovery Dispute on or before December 3, 2014 at 5:00 p.m. addressing any outstanding disputes."  (*Id.*)  Although the Court's Chambers Rules contemplate that the parties will engage in an informal dispute resolution process before filing discovery motions, the Court, *sua sponte*, determined that proceeding directly to motion filing in the form of a joint statement, after meeting and conferring, was the most appropriate and expeditious course of action in this matter.

On Tuesday, December 2, 2014, and Wednesday, December 3, 2014, Joel Weinstein, counsel for plaintiff BB Online UK Limited, left two extended voicemail messages with chambers, objecting to the November 25 order, asserting that the parties had not concluded their meet and confer process, demanding his

13-CV-1257

1   "right" to engage in the Court's informal discovery dispute resolution process, and
2   (ironically) complaining about defense counsel's allegedly improper *ex parte*
3   communication with the Court that resulted in the order.  In the second call, Mr.
4   Weinstein also advised the Court that plaintiff would be filing an *ex parte*
5   application regarding the order.

6   On Wednesday, December 3, 2014, plaintiff filed the instant *ex parte*
7   Application for the Court to Vacate, Modify and/or Clarify the Court's Minute
8   Order Dated November 24, 2014.  (ECF No. 26.)  Also on December 3, 2014, the
9   parties filed a Joint Statement for Determination of Discovery Dispute, but
10  plaintiff's portions of the joint statement were almost exclusively limited to
11  objections to the process, and did little to address the substance of the discovery
12  dispute.  (ECF No. 27.)  On Thursday, December 4, plaintiff filed a supplemental
13  declaration by Joel Weinstein.  (ECF No. 30).  Also on December 4, defendant filed
14  its opposition to plaintiff's *ex parte* application.  (ECF No. 31.)

15  **II.    Analysis**

16  Plaintiff complains about issuance of the November 24 order on multiple
17  bases, none of which have merit.

18  ***Ex parte* communication**.  Plaintiff objects to the order on the basis that
19  defendant's call to the Court seeking the Court's involvement in this discovery
20  dispute was an improper *ex parte* communication, and plaintiff was not given an
21  opportunity to be on the call.  Plaintiff insists that the Court's Chamber Rules
22  require that both parties be on the call, and further suggests that the *ex parte*
23  communication constitutes a violation of the Rules of Professional Responsibility
24  by defense counsel and an "unintentional" violation of the Cannons of Ethics by the
25  Court.  (ECF No. 26, p. 3.)

26  It is apparent to the Court that defense counsel gave plaintiff's counsel a full
27  and fair opportunity to participate in her call to the Court in an effort to comply
28

13-CV-1257

with the directive of the Court's Chambers Rules that all parties "should" be included on such calls.  On Friday, November 21, defense counsel advised Mr. Weinstein:

> [P]lease provide a time on Monday [November 24] that you are available to jointly call the court clerk to reserve a time for a pre-motion conference call with the Court.  If you do not provide a time, we will have no choice but to call the clerk on our own.

(ECF No. 31-1, pp. 3-4.)  Mr. Weinstein did not respond to this request.  On Sunday, November 23, defense counsel again sought to coordinate with Mr. Weinstein to place a joint call to the Court:

> To that end, we, again, ask that you provide a time on Monday for us to jointly call the court clerk to reserve a pre-motion hearing date.  If we do not receive a response from you by 1:00 p.m. PST, we will call the court on our own.

(ECF No. 31-1, p. 4.)  Finally, on Monday, November 24, defense counsel again tried to get Mr. Weinstein to agree to participate in a joint call to the Court:

> As I said, we have no choice but to call the court clerk today to arrange for a pre-motion hearing.  You are welcome to join me in that call.  Please let me know what time you are available.  If I do not hear from you by 1:00 PST, I will make the call without you.

(ECF No. 31-1, p. 5.)  Having still not heard from Mr. Weinstein with respect to coordinating a joint call, defense counsel, at 1:11 p.m. on Monday, November 24, left the non-substantive, scheduling-related message discussed above.

The Court's Chamber's Rule, using the word "should," strongly encourages parties to have all affected parties participate in calls to the Court, even non-substantive scheduling calls.  It was after careful consideration of the alternatives that this Court decided on the word "should" over "shall."  The Court was concerned that if the Court mandated that only jointly-placed calls would be accepted or entertained by the Court, then an obstreperous party could be in a

13-CV-1257

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

position to hold another party hostage--preventing that party from bringing a dispute to the Court simply by refusing to participate in a joint call.  This would not serve the ends of justice and could interfere with the Court's obligations to fulfill its judicial duties.

Plaintiff's counsel suggests that the Court violated Canon 3 of the Code of Judicial Ethics by listening to defense counsel's voicemail message (though "not intentionally") and that defense counsel "arguably" violated the Rules of Professional Responsibility by aiding and abetting the Court in that violation.  (ECF No. 26, p. 3.)  Canon 3(A)(4)(b) of the Code of Conduct for United States Judges states:

> (4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communication concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:
>
> * * * * *
>
> (b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication.

As its language makes clear, under Canon 3(A)(4)(b), "an ex parte communication is permissible for scheduling purposes that do not address substantive matters where the judge reasonably believes no party will gain a procedural, substantive, or tactical advantage."  *See Eleanora J. Dietlein Trust v. Am. Home Mortg. Inv. Corp.*, No. 11cv719, 2014 WL 911121, at *2 (D. Nev. Mar. 7, 2014).  Contacting the

13-CV-1257

Court for non-substantive scheduling purposes, as defendant did here, does not constitute improper *ex parte* communication.

**Failure to meet and confer**.  Plaintiff complains that the parties had not exhausted the meet and confer process and therefore a request for Court intervention with the discovery dispute was premature under both this District's Local Rule's and the Court's Chambers Rules.  Furthermore, according to plaintiff, defense counsel made affirmative misrepresentations to the Court when indicating, in the voicemail message, that the parties had met and conferred.  (ECF No. 26-1, pp. 3-4.)

Defendant summarizes the substantial meet and confer efforts made by the parties in support of its position that it complied with its meet and confer obligations.  (ECF No. 31, pp. 6-12.)

The Court recognizes plaintiff's frustration that defendant involved the Court when, in its opinion, the meet and confer process was continuing, and the Court recognizes defendant's frustration at its sense that plaintiff was dragging out the meet and confer process for strategic advantage.  The Court further notes that the Court's Chambers Rules require that the parties meet and confer on discovery disputes before seeking Court involvement, and the Chamber's Rules also set a deadline of 30 calendar days after a dispute arises to bring it to the attention of the Court.  Defendant's call was placed on the last possible day under the Rules.[1]

The Court finds that defendant satisfied its meet and confer obligations.

**Plaintiff's Claim of Detriment and Prejudice**.   Plaintiff makes repeated assertions that it has been disadvantaged, suffering prejudice and detriment, as a result of the Court's order.  (ECF No. 26, pp. 4 and 5; ECF No. 26-1, pp. 7 and 8;

---

[1] The dispute arose when plaintiff served its discovery responses on October 23, 2014. The 30th day fell on November 22, a Saturday.  Pursuant to Fed. R. Civ. P. 6, which addresses the calculation of filing deadlines, the deadline then became Monday, November 24.

13-CV-1257

6

ECF No. 30, p. 5.)  Plaintiff alleges that defendant has realized a complementary unfair tactical advantage.  (ECF No. 26, p. 3, ECF No. 26-1, p 7; ECF No. 30, p. 3.) Plaintiff specifically alleges that "it was relying on the Court to act in its informal capacity."  (ECF No. 26, p. 4.)

The Court is hard-pressed to understand in what way plaintiff acted, to its detriment, in reliance on its belief that the Court would afford the parties the opportunity to engage in an informal dispute resolution process with the Court. Logically, the only conceivable way plaintiff could have adjusted its conduct in reliance on its expectation of what manner of dispute resolution lay ahead would have been in adjusting the degree of cooperation it extended in the meet and confer process.  The Court is loath to reach such a cynical conclusion.

As a remedy to correct this alleged disadvantage, plaintiff asks for "what it believes it was entitled to all along, an opportunity to be heard, and to be provided due process."  (ECF No. 26, p. 5.)  But the action plaintiff complains about is that the Court ordered the parties to brief their dispute to the Court in a joint statement. By definition, that is an opportunity to be heard, and it is due process.

The Court finds that plaintiff had no due process entitlement to engage in the Court's informal dispute resolution process before being ordered to participate in a more formal process involving the parties submitting a joint statement.[2]

---

[2]  Separate from his complaint that his client was denied access to the Court's informal dispute resolution proceedings, plaintiff's counsel complains that he was given an unfairly limited opportunity to participate meaningfully in the joint statement process, because the Court issued its order "after 4:00 PM PST and after 7:00 PM ET on November 25, 2014 on the day before a holiday weekend" (ECF No. 30, p. 4) and counsel did not access and read in its entirety the Court's order until the evening of [Monday] December 1, 2014.  (*Id*. at 9.)  The Court notes that Tuesday, November 25 was not "the day before a holiday weekend."  It was, rather, two days before a one-day holiday.  The Court gave the parties eight calendar days—five non-holiday business days—to prepare a short joint statement.  The Court does not begrudge plaintiff's counsel, or any attorney, vacation days.  But an attorney who is engaged in active, contested litigation who does not make arrangements from someone to monitor CM/ECF notices for Court orders for seven days—four days of which are business days—does so at his own peril.  *See also CM/ECF Administrative Policies and Procedures Manual*, Section 2.d.2 ("Each registered user of the CM/ECF system is responsible for assuring that the user's e-mail account is monitored

(Footnote continues on next page.)

**III.   Conclusion**

For the reasons stated above, Plaintiff's motion to Vacate, Modify and/or Clarify the Court's Minute Order of November 24, 2014 (ECF No. 26) is **DENIED**.

As the Joint Statement was due while the instant motion was pending, and as the Court has now ruled that the order will stand, the Court will, *sua sponte*, grant plaintiff the opportunity to supplement the joint statement with an opposition to the motion to compel/motion for sanctions.  Plaintiff is granted leave to file a supplemental opposition, not to exceed 5 pages (exclusive of exhibits), on or before **December 12, 2014** at **5:00 p.m.**  Defendant may file a reply, not to exceed 2 pages (exclusive of exhibits), on or before **December 16, 2014** at **5:00 p.m.**

**IT IS SO ORDERED**.


DATED: December 9, 2014

_____
JILL L. BURKHARDT
United States Magistrate Judge

(Footnote continued from previous page.)

regularly, and that e-mail notices are opened in a timely manner.").  The Court further notes that plaintiff did not file an *ex parte* application to extend the time in which to file the joint statement.

13-CV-1257

8