1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

BB ONLINE UK LIMITED,

11

Plaintiff,

vs.

12

101DOMAIN, INC.,

13

Defendant.

14

101DOMAIN, INC.,

15

Counterclaimant,

vs.

16

BB ONLINE UK LIMITED,

17

Counterdefendant.

CASE NO. 14cv00885-WQH-JLB

ORDER

18

HAYES, Judge:

19

The matter before the Court is the Motion to Modify Case Management Order

20

and to Amend Answer Based on Newly Discovered Evidence filed by Defendant and

21

Counterclaimant 101 Domain, Inc. (ECF No. 43).

22

**I. Background**

23

On April 15, 2014, Plaintiff BB Online UK Limited commenced this action by

24

filing a Complaint in this Court. (ECF No. 1). The Complaint seeks review of a final

25

decision of the Trademark Trial and Appeal Board ("TTAB") to dismiss Plaintiff's

26

opposition to Defendant's registration of the 101DOMAINS and 101DOMAINS.COM

27

trademarks. On May 30, 2014, Defendant 101 Domain, Inc. filed an Answer,

28

Affirmative Defenses and Counterclaims. (ECF No. 1). On September 15, 2014, U.S.

Magistrate Judge Jill L. Burkhardt issued a Case Management Conference Order, setting an October 31, 2014 deadline to join parties and amend the pleadings. (ECF No. 22).

On January 26, 2015, Defendant Domain, Inc. filed the Motion to Modify Case Management Order and to Amend Answer Based on Newly Discovered Evidence (ECF No. 43), accompanied by a lodged proposed first amended answer and counterclaims (ECF No. 44). On February 17, 2015, Plaintiff filed an opposition. (ECF No. 50). On February 23, 2015, Defendant filed a reply. (ECF No. 52).

## II. Contentions of the Parties

Defendant contends that good cause exists to modify the Case Management Conference Order to allow it to file an amended answer adding the affirmative defense of unclean hands. Defendant asserts that on November 18, 2014, Plaintiff produced "purported screen shots of what BB Online represented were webpages from its 101domains.com website from 1998 to 2012." (ECF No. 43-1 at 7). Defendant asserts that BB Online's counsel disclosed for the first time that the "purported 1998 web page was a supposed 'reconstruction'" after Defendant moved to compel production of the original website files. *Id.* at 8. Defendant asserts that Plaintiff's corporate designee, Robert Fox, admitted in his January 15, 2015 deposition that he used a screen shot of the 1999 web page to create the purported screen shoot of the 1998 web page.

Defendant contends that it could not have anticipated that Plaintiff would "completely fabricate a document." *Id.* at 13. Defendant contends that Plaintiff will not be prejudiced by Defendant adding a single affirmative defense that will not require a responsive pleading. Defendant asserts that amendment will not alter the schedule in this case.

Plaintiff asserts that Defendant was a party to the TTAB proceeding. Plaintiff asserts that Robert Fox testified three times during the TTAB proceeding that he did not have written records of the 1998 website, that he did have written records of the 1999 website, and that the website was the same in 1998 as it was in 1999. Plaintiff contends

that Defendant's proposed amendment is for the purpose of causing undue delay. Plaintiff contends that Defendant knew as early as 2010 that Robert Fox was relying on 1999 documents to reflect his memory of the website as it existed in 1998. Plaintiff contends that Defendant's motion is made in bad faith because Robert Fox made the website reconstruction in good faith in response to discovery requests, and not to deceive Defendant. Plaintiff contends that amendment would be futile because the reconstruction of the 1998 website is consistent with Robert Fox's prior testimony; therefore, an unclean hands theory would be subject to dismissal.

## III. Legal Standard

When, as here, a party moves to amend the pleadings after the deadline to amend pleadings has past, the party must first demonstrate "good cause" to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4) and then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

### A. Modification of Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

### B. Leave to Amend

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## IV. Ruling of the Court

### A. Modification of the Case Management Conference Order (ECF No. 22)

Defendant's proposed amendment adds an unclean hands defense based on a 1998 screen shot of the 101domains.com website that Defendant alleges were fabricated by Plaintiff. Defendant asserts that it first received the allegedly fabricated 1998 screen shot on November 18, 2014. Defendant asserts that it first discovered that the 1998 screen shot was potentially fabricated on December 12, 2014, when Plaintiff's counsel Joel Weinstein filed a declaration stating that his client had informed him that the 1998 screen shot was a reconstruction based on the 1999 website. *See* ECF No. 34 at 3. Both events occurred after the October 31, 2014 deadline to amend the pleadings had passed. Because Defendant's motion is based on information that was not discovered until after the October 31, 2014 deadline, and Defendant did not unduly delay filing the motion after learning the relevant facts, the Court finds that Defendant exercised the necessary diligence.

Plaintiff contends that allowing the addition of an affirmative defense would prejudice Plaintiff because it would require Plaintiff "to counter this affirmative defense without the benefit of discovery of the purported defense." (ECF No. 50 at 12).

1   However, Plaintiff has not provided any reasons for why discovery would be required
2   to counter this defense, and Plaintiff is not precluded from moving to reopen discovery
3   before the Magistrate Judge.  The Court finds that Plaintiff would not be prejudiced by
4   amending the scheduling order.

5          The Court concludes that Defendant has shown "good cause" to modify the
6   scheduling order.  Fed. R. Civ. P. 16(b)(4).  Defendant's motion to amend the Case
7   Management Conference Order is granted.

8          **B.  Leave to Amend**

9          After review of the Motion to Modify Case Management Order and for Leave to
10  Amend Answer to Assert Defense of Unclean Hands Based on Newly Discovered
11  Evidence and all related filings, the Court concludes that Plaintiff has not made a
12  sufficiently strong showing of the *Foman* factors to overcome the presumption under
13  Rule 15(a) in favor of granting leave to amend.  *See Eminence Capital*, 316 F.3d at
14  1052.  The Court will defer consideration of any challenge to the merits of the proposed
15  first amended answer and counterclaims until after the amended pleading is filed.  *See*
16  *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts
17  will defer consideration of challenges to the merits of a proposed amended pleading
18  until after leave to amend is granted and the amended pleading is filed.").  Defendant's
19  motion for leave to amend its answer is granted.
20  *///*
21
22
23
24
25
26
27
28

**V. Conclusion**

IT IS HEREBY ORDERED that the Motion to Modify Case Management Order and to Amend Answer Based on Newly Discovered Evidence (ECF No. 43) is GRANTED.

IT IS FURTHER ORDERED that the Case Management Scheduling Order (ECF No. 22) is AMENDED to extend the deadline to file motions to amend the pleadings from October 31, 2014 to January 26, 2015.

Defendant shall file its First Amended Answer and Counterclaims no later than **ten (10) days** from the date this Order is filed.

DATED: March 16, 2015

**WILLIAM Q. HAYES**
United States District Judge